# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BARNES & NOBLE, INC.,<br><br>    Defendant. | Case No.<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Uniloc 2017 LLC ("Uniloc"), for its complaint against defendant, Barnes & Nobel, Inc. ("B&N"), alleges:

## THE PARTIES

1. Uniloc 2017 LLC is a Delaware limited liability company, having addresses at 1209 Orange Street, Wilmington, Delaware 19801; 620 Newport Center Drive, Newport Beach, California 92660; and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

2. B&N is a Delaware corporation, having regular and established places of business at: 2201 Preston Road, Suite E, Plano, Texas 75093; 7700 Windrose Avenue, Suite G170, Plano, Texas 75024; 801 West 15th Street, Suite E, Plano, Texas 75075 and/or 4916 S. Broadway Avenue, Tyler, Texas 75703. B&N makes, uses, offers for sale, sells, and imports for sale to customers in this judicial district the products accused of infringement. B&N may be served with process through its registered agent for service in Texas: Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

## JURISDICTION

3. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## CLAIM FOR PATENT INFRINGEMENT

4. Uniloc is the owner, by assignment, of U.S. Patent No. 8,484,089 ("the '089 Patent"), entitled METHOD AND SYSTEM FOR A HOSTED DIGITAL MUSIC LIBRARY SHARING SERVICE, which issued July 9, 2013.  A copy of the '089 Patent is attached as Exhibit A.

5. The '089 Patent describes in detail, and claims in various ways, inventions, developed by the inventor around 2008, directed to systems and methods that allow subscribers to a web service to share electronic versions of selected publications.

6. The '089 Patent describes problems and shortcomings in the then-existing field of digital media sharing of electronic media and describes and *See*, *e.g.*, Ex. A at 1:20-30.  The '089 Patent claims novel and inventive technological improvements and solutions to these problems and shortcomings.

7. The written description of the '089 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the combination of claim elements differed markedly from and improved upon what may have been considered conventional or generic.

8. B&N imports, uses, offers for sale, and sells in the United States its NOOK® book platform, NOOK®-branded tablets, and NOOK® eReaders for iOS, Android, and Windows that implement the lending out of eBooks to and between B&N customers ("Accused NOOK® Platform").

9. The Accused NOOK® Platform is implemented, at least in part, by servers owned, operated, and controlled by B&N.  The Accused NOOK® Platform controls the storage and distribution of eBooks to and between B&N customers. The Accused NOOK® Platform allows a legitimate purchaser of an eBook to lend that eBook to another B&N customer under certain terms and conditions, that may include: (A) controlling the period of the loan; (B) preventing the lender from reading the eBook during the loan period; and (C) only allowing the eBook to be lent to a legitimate B&N customer.

10. B&N has infringed, and continues to infringe, numerous claims of the '089 Patent in the United States, including claims 1-2, 5-7, 10-12, 14-16, and 19-20, by using, offering for sale, selling, and importing the Accused NOOK® Platform.

11. B&N has also infringed, and continues to infringe, claims 1-2, 5-7, 10-12, 14-16, and 19-20 of the '089 Patent by actively inducing others to use, offer for sale, and sell the Accused NOOK® Platform.  B&N's customers who use Accused NOOK® Platform tablets and eReaders in accordance with B&N's design and instructions infringe claims 1-2, 5-7, 10-12, 14-16, and/or 19-20 of the '089 Patent.  B&N intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at:

- www.barnesandnoble.com
- www.barnesandnoble.com/b/NOOK-books/
- www.barnesandnoble.com/u/Support-NOOK-Simple-Touch-with-Glowlight/
- http://images.barnesandnoble.com/pimages/NOOK/download/User_Guide_NOOK.pdf
- http://images.barnesandnoble.com/pimages/NOOK/light/mediakit/UserGuide_NOOKSimpleTouchGlowLigt

- https://NOOK.barnesandnoble.com/u/support/

- http://NOOK.com

- www.youtube.com

- www.youtube.com/user/NOOKBN

- www.youtube.com/watch?v=JdU7U21UKIM

- www.youtube.com/watch?v=at_UJoIKtF0

- www.youtube.com/watch?v=OfcVSt344mY

- www.youtube.com/watch?v=15DJR7mY4T8

- www.youtube.com/watch?v=t9V7BL-D_ac

- www.youtube.com/watch?v=xViyNRFwi8U

B&N also induces infringement by failing to remove or distinguish infringing features of the Accused NOOK® Platform.

12. B&N has also infringed, and continues to infringe, claims 1-2, 5-7, 10-12, 14-16, and 19-20 of the '089 patent by using, offering to sell, selling and importing the Accused NOOK® Platform which includes software that is used in practicing the processes, or using the systems, claimed in the '089 patent, and constitutes a material part of the invention.  B&N knows portions of the software contained in the Accused NOOK® Platform to be especially made or especially adapted for use in infringement of the '089 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

13. B&N will have been on notice of the '089 Patent since, at the latest, the service of the complaint upon it in 2:18-cv-00394.  By the time of trial, B&N will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of claims 1-2, 5-7, 10-12, 14-16, and 19-20 of the '089 Patent.

14. B&N may have infringed the '089 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused NOOK® Platform.

15. Uniloc has been damaged by B&N's infringement of the '089 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against B&N:

(A) declaring that B&N has infringed the '089 Patent;

(B) awarding Uniloc its damages suffered as a result of B&N's infringement of the '089 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D) granting Uniloc such further relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: November 17, 2018

Respectfully submitted,

*/s/ Kevin Gannon*
Paul J. Hayes
Massachusetts State Bar No. 227000
Kevin Gannon
Massachusetts State Bar No. 640931
Aaron Jacobs
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nbafirm.com
Texas State Bar No. 00797142
**NELSON BUMGARDNER ALBRITTON P.C.**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
**NELSON BUMGARDNER ALBRITTON P.C.**
111 West Tyler Street
Longview, Texas 75601
Tel: (903) 757-8449
Fax: (903) 758-7397

**ATTORNEYS FOR THE PLAINTIFF**